Julio C. Gomez, Esq.
GOMEZ LLC
ATTORNEY AT LAW
310 Morris Avenue, Suite 301
Elizabeth, NJ 07201
Tel 908.789.1080
Fax 908.780.1081

Attorney for Plaintiff
Next Cleaners, LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEXT CLEANERS, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> JONATHAN MIODUSZEWSKI, JON SIMKOWITZ, YELLOW BEAR CLEANERS (WESTFIELD), and YELLOW BEAR CLEANERS (CRANFORD), <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT & JURY TRIAL DEMAND** |

Plaintiff Next Cleaners, LLC ("Plaintiff" or "Next Cleaners") for its Complaint against the defendants listed below alleges as follows:

**INTRODUCTION**

1. This is an action to remedy acts of, *inter alia*, trademark infringement under federal and state law, trademark dilution and unfair competition all caused by the defendants' unauthorized use of Plaintiff's "NextCleaners.com" and "green leaf" registered service trademark.

2. Plaintiff Next Cleaners, LLC is one of the largest and most advanced eco-friendly, web-accessible, dry cleaning companies in the United States, delivering the highest quality customer service in dry cleaning and laundry services in New York and New Jersey.

1

3. Defendants were once affiliated with Next Cleaners and authorized to use their service mark at dry-cleaning drop off stores located in Westfield and Cranford, New Jersey. When Defendants ceased to be affiliated with Next Cleaners they were required to cease the use of Plaintiff's service marks. Nevertheless, Defendants continued to use Plaintiffs' service marks deliberately and without authorization with knowledge that such use would cause confusion in the marketplace in order to trade upon Plaintiff's goodwill in bad faith.

## PARTIES

**Plaintiff**

4. Plaintiff Next Cleaners, LLC is a New Jersey limited-liability company with its principal place of business at 650 Belleville Turnpike, Kearney, New Jersey 0732. It is a citizen of New Jersey.

**Defendants**

5. Defendant Jonathan Mioduszewski is an individual residing in Union, New Jersey, with the intention of residing there indefinitely, and is therefore a citizen of New Jersey. Upon information and belief Mioduszweski is owner and operator of dry cleaning stores doing business as Yellow Bear Cleaners (Westfield) and Yellow Bear Cleaners (Cranford).

6. Defendant Jon Simkowitz is an individual residing in Union, New Jersey, with the intention of residing there indefinitely, and is therefore a citizen of New Jersey. Upon information and belief Simkowitz is owner and operator of dry cleaning stores doing business as Yellow Bear Cleaners (Westfield) and Yellow Bear Cleaners (Cranford).

7. Defendant Yellow Bear Cleaners (Westfield) is a business entity with its principal place of business at 335 South Avenue West, Westfield, New Jersey 07090.

8. Defendant Yellow Bear Cleaners (Cranford) is a business entity with its principal place of business at 11 Walnut Avenue, Cranford, New Jersey 07016.

9. Plaintiff is informed and believes and on such information and belief alleges that at all times relevant defendants Mioduszweski and Simkowitz and Yellow Bear Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) are the alter egos of one another inasmuch as they have commingled their assets; that defendants Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) are owned, dominated, influenced, controlled and directed by Mioduszweski and Simkowitz in furtherance of a single business operation; that there exists a unity of interest between and among these defendants; that there was no separateness or individuality of such defendants; that such defendants are one and the same and have utilized defendants Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) as a conduit for the conduct of their personal business and affairs; that Mioduszweski and Simkowitz have diverted the assets of Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) and concealed such assets for their own use; that adherence to the fiction of a separate existence of defendant Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) would under these circumstances sanction fraud and promote injustice, unfairness and inequity if plaintiff was permitted to satisfy its claims only out of the assets of defendant s Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) and not from Mioduszweski and Simkowitz, which assets of Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford) may not be sufficient to meet the obligations of the defendants to plaintiff, particularly in light of the fact that assets have been fraudulently transferred by, between and among such defendants in order to avoid Yellow Bears Cleaners (Westfield) and Yellow Bear Cleaners (Cranford)'s liabilities and obligations to Plaintiff.

**SUBJECT MATTER JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over Plaintiff's claims under 15 U.S.C. § 1116, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 28 U.S.C. § 1338 as it involves claims arising under the United States trademark laws and unfair competition.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) as the location where all defendants reside and where a substantial part of the events or omissions giving rise to the claims occurred.

**PERSONAL JURISDICTION**

13. Exercise of personal jurisdiction over Defendant Mioduszewski is reasonable and proper in this district because Mioduszewski is a citizen of the State of New Jersey residing in Union County, and because he conducts extensive business activities within this State and County. Mioduszewski is owner and operator of Yellow Bear Cleaners (Westfield) and Yellow Bear Cleaners (Cranford). Through his activities in Union County, New Jersey, Mioduszewski has violated, *inter alia,* federal and state trademark laws; for Plaintiff's claims for violations of federal and state trademark law, exercise of jurisdiction over Mioduszewski is proper.

14. Exercise of personal jurisdiction over Defendant Simkowitz is reasonable and proper in this district because Simkowitz is a citizen of the State of New Jersey residing in Union County, and because he conducts extensive business activities within the State. Simkowitz is owner and operator of Yellow Bear Cleaners (Westfield) and Yellow Bear Cleaners (Cranford). Through his activities in Union County, New Jersey, Simkowitz has violated, *inter alia,* federal and state

trademark laws; for Plaintiff's claims for violations of federal and state trademark law, exercise of jurisdiction over Simkowitz is proper.

## FACTUAL BASIS FOR CLAIMS

15. Next Cleaners provides dry-cleaning services to consumers through a chain of drop-off store affiliates in New York and New Jersey.

16. To process orders Next Cleaners licenses a point of sale system and customizes it for implementation along with a proprietary web-based mobile application; Next Cleaners also employs a patented, dry-cleaning process at its plant and facility, under license with GreenEarth Cleaning based in Kansas City, Missouri; the patented process uses liquid silicone in place of petrochemicals to dry clean clothing; this permits Next Cleaners to offer a true eco-friendly solution to its customers that performs without compromising the quality of its dry-cleaning; the process is impressively gentle with fabrics and has no odor.

17. Next Cleaners is the owner of a United States trademark registration for the service mark "NextCleaners.com" depicted with a "green leaf" period, with trademark registration number 86832255, which is valid and subsisting and constitutes prima facie evidence of the validity of the registered mark, of the registration of said mark, of Plaintiff's ownership of said mark, and of Plaintiff's exclusive right to use the mark in commerce.

18. Next Cleaners also uses the slogan "We're Clean, We're Green, We're Online" (the "We're Clean" slogan).

19. Next Cleaners has sold and marketed its services using the service mark "NextCleaners.com" and "green leaf" and the "We're Clean" slogan since 2009 and has developed the reputation as a green company that offers high quality dry-cleaning services at fair

prices with practices that are environmentally friendly and accessible on-line via the internet or a mobile device.

20. Plaintiff is known throughout its market area by the "NextCleaners.com" and "green leaf" service mark, and the "We're Clean" slogan.

21. Over the years, Plaintiff has spent considerable amounts of money in establishing the "NextCleaners.com" and "green leaf" service mark and the "We're Clean" slogan in the minds of its customers as a source of web-accessible, high-quality, eco-friendly dry cleaning services at a fair price.

22. Today, the "NextCleaners.com" and "green leaf" service mark and the "We're Clean" slogan has become associated in the minds of purchasers with Plaintiff as a company where eco-friendly dry-cleaning services can be purchased at a fair price on-line and a quality service is delivered.

23. Plaintiff's rights in the "NextCleaners.com" and "green leaf" service mark date back to 2009.

24. In 2010 and 2013, defendants Mioduszweski and Simkowitz respectively, entered into a trademark license agreement (the "Agreement") with Plaintiff.

25. The Agreement permitted Mioduszweski and Simkowitz to use Plaintiff's service marks, the "We're Green" slogan, point of sale computer system, web based application, and dry-cleaning facility and services to operate independently owned drop-off stores in Westfield and Cranford, New Jersey in exchange for periodic royalty payments as a percentage of gross revenue.

26. In October 2015, Plaintiff and defendants Mioduszweski and Simkowitz agreed to terminate the Agreement.

27. On or about November 17, 2015 defendants Mioduszweski and Simkowitz agreed to stop using plaintiff's service marks, slogans and materials or references thereto by the end of that week.

28. On November 18, 2015, defendants Mioduszweski and Simkowitz's Westfield and Cranford stores were disconnected from Plaintiff's point of sale system and ceased paying royalties.

29. On November 21, 2015, defendants Mioduszweski and Simkowitz's Westfield and Cranford stores ceased processing dry cleaning orders through Plaintiff's plant and facilities.

30. As of November 21, 2015, defendants Mioduszweski and Simkowitz were prohibited from any further use of the "NextCleaners.com" and "green leaf" service marks and to cease selling or advertising any services or products using the "NextCleaners.com" and "green leaf" mark, or "We're Clean" slogan; and from holding themselves out at Next Cleaners affiliates.

31. On November 24, 2015, defendants were disconnected from plaintiff's web-based application and website.

32. On November 28, 2015, plaintiff reminded defendants of their obligation to cease all use of plaintiff's marks and slogans.

33. Despite their assurances to do so, defendants Mioduszweski and Simkowitz continued to use the "NextCleaners.com" and "green leaf" service mark (and "We're Green" slogan) in: (a) a nextcleanersnj.com website; (b) storefront signage; (c) delivery vehicle signage; (d) and upon information and belief, in promotional material, advertising, receipts and other literature.

34. Without authorization, in bad faith, Defendants continued to hold themselves out as Next Cleaners to the public even though they maintained no affiliation with Plaintiff, paid no royalties, and did not employ the patented eco-friendly dry-cleaning process to process their orders.

7

35. On October 14, 2016, Plaintiff learned that defendants were continuing to use Plaintiff's service mark on their storefront, vehicle and window signage.

36. Upon information and belief, defendants are continuing to use the "NextCleaners.com" and "green leaf" mark and the "We're Green" slogan in their vehicle and window signage.

37. The use by Defendants of Plaintiff's service marks and slogan has been willful and deliberate, designed specifically to trade upon the goodwill associated with Plaintiff's name and "NextCleaners.com" and "green leaf" service marks and slogan.

38. The goodwill of Plaintiff's business under its "NextCleaners.com" and "green leaf" service mark is of enormous value and Plaintiff will suffer irreparable harm, should this use and infringement be allowed to continue, to the detriment of Plaintiff's reputation and goodwill.

39. Defendants use of the mark will continue unless enjoined by this Court.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Against All Defendants**
**Pursuant to 15 U.S.C. § 1114(a) and (b))**

40. Plaintiff repeats and realleges the allegations hereabove as is fully set forth herein.

41. This claim is to remedy acts of trademark infringement arising under 15 U.S.C. § 1114 (a) and (b).

42. This act prohibits a person from using a registered mark in commerce in connection with the sale of any services, without the consent of the registrant, and likely to cause confusion, mistake or deception.

43. Plaintiff is the owner of United States No 86832255 for the "NextCleaners.com" and "green leaf" service mark, first used in 2009.

44. The registration is in full force and effect.

45. At all relevant times, plaintiff has given defendants notice of its ownership of the mark and defendants have had actual notice of the mark.

46. With actual notice of the above-mentioned mark and Plaintiff's extensive and continuous use of the mark, Defendants used the registered mark without authorization in interstate commerce in connection with the sale, offering for sale, of dry-cleaning services.

47. Plaintiff is informed and believes that Defendants knew or should have known that their continued use of the mark after termination of the Agreement constituted unauthorized use and trademark infringement.  Defendants' infringement of the Plaintiff's service mark was, on information and belief, authorized and directed by Defendants Mioduszweski and Simkowitz.

48. Defendants' infringing use of the Plaintiff's service mark is without the consent or permission of the Plaintiff.

49. Defendants used Plaintiff's service mark in commerce in connection the sale, offering for sale, distribution, or advertising of dry-cleaning services, without Plaintiff's consent, where such use was likely to cause confusion, or to cause mistake, or to deceive.

50. There is a strong likelihood of confusion between Plaintiff's registered mark and Defendants' unauthorized use of Plaintiff's mark.

51. Defendants' acts of trademark infringement have materially injured and are likely to continue to injure Plaintiff's business by, including but not limited to, depriving Plaintiff of sales and customers, depriving Plaintiff of royalties, injuring Plaintiff's reputation and goodwill, and causing Plaintiff to sustain monetary damages, loss and injury.

52. Defendants have engaged in and continue to engage in these activities knowingly and willingly, and in bad faith, for the purpose of profiting from Plaintiff's mark, goodwill and

reputation, and to minimize any loss or business interruption from disassociating from and terminating its Agreement with Plaintiff.

53. Upon information and belief, with actual and constructive notice of the above-mentioned federal trademark registration and Plaintiff's extensive and continuous use of the "NextCleaners.com" and "green leaf" marks, Defendants have reproduced Plaintiff's registered mark applied it to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of dry-cleaning services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

54. Defendants used Plaintiff's mark with knowledge and intention that such use caused or would cause confusion, mistake or deception.

55. Plaintiff is informed and believes that Defendants knew or should have known that its continued use of the "NextCleaners.com" and "green leaf" mark after termination of the Agreement constituted unauthorized use and trademark infringement.

56. Defendants' infringement of the "NextCleaners.com" and "green leaf" mark was, on information and belief, authorized and directed by Defendants Mioduszweski and Simkowitz.

57. Defendants' activities are likely to cause confusion, deception and mistake.  In particular, Defendants' activities directly conflict with Plaintiff's efforts to sell its dry-cleaning services and maintain the goodwill and reputation for the high quality eco-friendly nature of their services, in violation of 15 U.S.C. § 1114.

58. The actions of the Defendants are likely to cause confusion and mistake and to deceive the public and do in fact cause confusion, mistake and deception of the public.

59. Defendants' acts have caused, and unless restrained by this Court, will cause Plaintiff and

the public to suffer great and irreparable damage and injury through, *inter alia*, (a) a likelihood of confusion, mistake and deception among the relevant public; and (b) loss of Plaintiff's valuable goodwill and business reputation symbolized by the "NextCleaners.com" and "green leaf" mark.

60. Plaintiff has suffered actual damages in the form of lost sales and damages to its business, goodwill, reputation and profits and Defendant has been unjustly enriched as a result of its infringing activities.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, False Description, Dilution and Cyberpiracy Against All Defendants Pursuant to 15 U.S.C. § 1125 (a)(1)

61. Plaintiff repeats and realleges the allegations hereabove as is fully set forth herein.

62. This claim is to remedy false designations of origin, misleading descriptions, misleading misrepresentations and cyberpiracy arising under 15 U.S.C. § 1125(a)(1) and (d).

63. This act prohibits the use of false or misleading designations or descriptions in connection with the sale of services.

64. Defendants' use of Plaintiff's service mark and slogan after November 2015 was likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiff.

65. Defendants' use of Plaintiff's service mark and slogan after November 2015 was likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

66. Defendants' use of Plaintiff's service mark and slogan after November 2015 in commercial advertising and promotion after November 2015 misrepresented the nature, characteristics, qualities, or geographic origin of defendants' services and commercial activities.

67. This act also prohibits the use of a domain name that is confusingly similar to a mark with

11

a bad faith intent to profit from that mark.

68. Defendants acted with knowledge and bad faith to profit from Plaintiff's mark.

69. Defendants are the domain name registrants of the domain nextcleanersnj.com.

70. After November 2015, Defendants used the domain nextcleanersnj.com and displayed Plaintiff's service mark and slogan on that site with a bad faith intent to profit from that mark.

71. Defendants' use of the domain nextcleanersnj.com was confusingly similar to Plaintiff's nextcleaners.com domain and mark.

72. Defendants employed the domain nextcleanersnj.com after November 2015 in bad faith with the intent to divert consumers from Plaintiff's online location to a site accessible under their domain that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

73. Defendants' acts have caused, and unless restrained by this Court, will cause Plaintiff and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) a likelihood of confusion, mistake and deception among the relevant public; and (b) loss of Plaintiff's valuable goodwill and business reputation symbolized by the "NextCleaners.com" and "green leaf" mark and "We're Clean" slogan.

74. Plaintiff has suffered actual damages in the form of lost sales and damages to its business, goodwill, reputation and profits and Defendant has been unjustly enriched as a result of its infringing activities.

### THIRD CLAIM FOR RELIEF
**(Trafficking in Counterfeit Marks Against All Defendants in Violation of N.J.S.A. 56:3-13.16)**

75. Plaintiff repeats and realleges the allegations hereabove as is fully set forth herein.

76. This claim is to remedy violations of state trademark law.

77. New Jersey Code, N.J.S.A. 56:3-13.16(a)(1) proscribes the use of a mark in connection with the sale of any service in the State without the consent of the mark's owner; subsection (2) proscribes the reproduction of a mark on labels, signs, prints, packages, wrappers, receptacles, or advertisements in connection with the sale of services.

78. Without Plaintiff's consent, Defendants used a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's mark in connection with the sale, distribution, offering for sale, or advertising in New Jersey of dry-cleaning services in connection with which the use is likely to cause confusion or mistake or to deceive as to the source of origin of the services.

79. Upon information and belief, without Plaintiff's consent, Defendants reproduced, counterfeit, copied, or generated a colorable imitation of Plaintiff's mark upon labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in connection with the sale of dry-cleaning services.

80. Defendants engaged in the aforementioned conduct with the intent to cause confusion or mistake or to deceive and trade on plaintiff's goodwill.

81. Defendants' acts have caused, and unless restrained by this Court, will cause Plaintiff and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) a likelihood of confusion, mistake and deception among the relevant public; and (b) loss of Plaintiff's valuable goodwill and business reputation symbolized by the "NextCleaners.com" and "green leaf" marks".

82. Plaintiff has suffered actual damages in the form of lost sales and damages to its business, goodwill, reputation and profits and Defendant has been unjustly enriched as a result of its infringing activities.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition in Violation of N.J.S.A. 56:4-1)

83. Plaintiff repeats and realleges the allegations hereabove as is fully set forth herein.

84. This claim is to remedy acts of unfair competition.

85. New Jersey Code, N.J.S.A. 56:4-1 prohibits a merchant from appropriating the name, brand, trade-mark, reputation or goodwill of any maker.

86. Without Plaintiff's consent, Defendants appropriated plaintiff's mark, goodwill and reputation for their own use after they terminated the Agreement with Plaintiff in order to sell dry-cleaning services to the public.

87. Defendants' acts have caused, and unless restrained by this Court, will cause Plaintiff and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) a likelihood of confusion, mistake and deception among the relevant public; and (b) loss of Plaintiff's valuable goodwill and business reputation symbolized by the "NextCleaners.com" and "green leaf" marks".

88. Plaintiff has suffered actual damages in the form of lost sales and damages to its business, goodwill, reputation and profits and Defendant has been unjustly enriched as a result of its infringing activities.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

89. Plaintiff repeats and realleges the allegations hereabove as is fully set forth herein.

90. This claim is to remedy defendants' unjust enrichment at plaintiff's expense by their unauthorized use of plaintiff's service marks without remuneration.

91. After their termination of the Agreement, Defendants' received a benefit by using Plaintiff's mark without consent to support and further their sale of dry-cleaning services.

92. Defendant was not authorized to receive such a benefit without paying for it in the form of royalties to Plaintiff, and did not offer or pay any royalties during the period of unauthorized use.

93. Plaintiff expected and had every right to expect remuneration for the use of its marks.

94. Defendant's retention of that benefit without paying remuneration is unjust.

95. Defendants' failure to give remuneration to Plaintiff unjustly enriched the Defendants.

### SIXTH CLAIM FOR RELIEF
**(Violation of Duty of Good Faith and Fair Dealing)**

96. Plaintiff repeats and realleges the allegations hereabove as is fully set forth herein.

97. This claim is to remedy Defendants' violation of the common law duty of good faith and fair dealing.

98. A covenant of good faith and fair dealing is implied in every contract.

99. Defendants were obligated to deal fairly and in good faith in connection with the terms their Agreement and its termination.

100. Although Defendants terminated their Agreement with Plaintiff to use its mark, defendants continued to use the marks to conduct their business, trade on Plaintiff's goodwill and reputation, confuse consumers as to the nature and quality of their dry-cleaning services in violation of their duty of good faith and fair dealing.

101. Defendants' acts have caused, and unless restrained by this Court, will cause Plaintiff and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake and deception among the relevant public; and (b) loss of Plaintiff's valuable goodwill and business reputation symbolized by the "NextCleaners.com" and "green leaf" marks.

102. Plaintiff has suffered actual damages in the form of lost sales and damages to its business, goodwill, reputation and profits and Defendant has been unjustly enriched as a result of its infringing activities.

## PRAYER FOR RELIEF

1. For general damages, according to proof at trial, trebled according to statute, 15 U.S.C. § 1117, N.J.S.A. 56:3-13.16(d), N.J.S.A. 56:4-2;

2. For pre-judgment and/or post-judgment interest according to statute, 28 U.S.C. § 1961, N.J.S.A. 56:3-13.16(e);

3. For an award of reasonable attorney's fees according to statute, 15 U.S.C. § 1117;

4. For equitable relief as appropriate pursuant to applicable law, including but not limited to issuing a temporary restraining order, a preliminary injunction and a permanent injunction that bars Defendants, their assignees and anyone else acting in concert with them from using Plaintiff's mark, and/or a full accounting of defendants' profits and/r disgorgement of defendants' profits, 15 U.S.C. § 1117, during the period of infringement;

5. For punitive damages in an amount to be proven at trial;

6. For costs of suit; and

7. For such other legal and equitable relief as the Court may deem Plaintiff entitled to receive.


DATED: January 12, 2017

GOMEZ LLC
ATTORNEY AT LAW

By: ___*s/ Julio C. Gomez*___
      Julio C. Gomez, Esq.

310 Morris Avenue, Suite 301
Elizabeth, NJ 07201
Tel 908.789.1080
Fax 908.780.1081
jgomez@gomezllc.com

*Attorney for Plaintiff Next Cleaners, LLC*

**DEMAND FOR JURY TRIAL**

Plaintiff Next Cleaners, LLC hereby demands a jury trial of all issues in this action so triable as of right by a jury.

DATED: January 12, 2017

GOMEZ LLC
ATTORNEY AT LAW

By: *s/ Julio C. Gomez*
      Julio C. Gomez, Esq.

310 Morris Avenue, Suite 301
Elizabeth, NJ 07201
Tel 908.789.1080
Fax 908.780.1081
jgomez@gomezllc.com

*Attorney for Plaintiff Next Cleaners, LLC*