## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**NEXT CLEANERS, LLC,**

Planitiff

v.

**JONATHAN MIODUSZEWSKI, et al.,**

Defendants.

Case No.: 17-00222-MCA-MAH

**APPLICATION IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO DEFENDANT JON SIMKOWITZ PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Hearing Date:**   March 20, 2017 at 9:00 a.m.
**Oral Argument:**  Waived, Unless Timely
                    Objection Filed

**DEFENDANT, JON SIMKOWITZ** (the "Defendant"), by and through his counsel Middlebrooks Shapiro, P.C., respectfully submits this Application in Support of the Defendant's Motion to Dismiss (the "Motion") the Complaint & Jury Trial Demand (the "Complaint") filed on behalf of plaintiff Next Cleaners, LLC (the "Plaintiff") as to the Defendant pursuant to Fed. R. Civ. P. 12(b)(6), and states as follows:

### FACTUAL BACKGROUND

#### *NextCleaners.com of Westfield – The Westfield Store*

1.      On or about July 21, 2010, defendant Jonathan J. Mioduszewski ("Mioduszewski") executed a Certificate of Limited Partnership for "NextCleaners.com of Westfield" ("NCW") which designated Mioduszewski as the sole "General Partner" of NCW, and which designated Nexus Resources as the sole "Limited Partner" of NCW.

#### CERTIFICATE OF LIMITED PARTNERSHIP
OF
A Kingdom of Israel Limited Partnership

The parties hereto do hereby certify that an Agreement was made effective the July 21, 2010, at Westfield Township, New Jersey, by the following General Partners and by the Limited Partners as listed in point 5 below.

[…]

1. <u>Name</u>.  The name of this Limited Partnership is, "NextCleaners.com of Westfield".

[…]

5. <u>The Partners</u>. The General Partners and Limited Partners of this Limited Partnership are as follows:

GENERAL PARTNER      PLACE OF ABODE or MAILING LOCATION
    JONATHAN JAMES MIODUSZEWSKI......335 South Avenue West, Westfield Township, New Jersey

LIMITED PARTNERS      PLACE OF ABODE or MAILING LOCATION
    Nexus Resources...........................................c/o non-domestic, 701 Colonial Avenue; near: Union, New Jersey (07083)

[…]

15. <u>Amount of Cash and Agreed Value and Description of Other Property Contributed</u>.  The Partners in the Limited Partnership have contributed their interest as set forth (only the following start up contributions were made):
    JONATHAN JAMES MIODUSZEWSKI ....time and expertise valued equivalent with the total cash contributions.
    Nexus Resources ..........................................$12,000.00

GENERAL PARTNERS:

_____
JONATHAN JAMES MIODUSZEWSKI, by our mark
and seal

LIMITED PARTNERS:

_____
NEXUS RESOURCES, by our mark and seal

*See*, a true and correct copy of the Certificate of Limited Partnership of NCW annexed as

**Exhibit A** to the Certification of Jon Simkowitz (the "Certification").[1]

    2.    On or about August 16, 2010, Mioduszewski executed a "Commercial

Lease Agreement" (the "Westfield Lease") on behalf of NCW, in Mioduszewski's capacity

as the sole General Partner of NCW, with landlord Destefanis Properties, LLC (the

"Westfield Landlord") relating to commercial real estate located at 335 South Avenue

West, Westfield, New Jersey 07090 (the "Westfield Store").

### COMMERCIAL LEASE AGREEMENT

**This lease agreement** (hereinafter "Lease") is made and entered into this 16th day of August 2010, by and between:
the Landlord: **DESTEFANIS PROPERTIES, LLC** (hereinafter "Landlord"),
a New Jersey limited liability company, located at: 217 Myrtle Avenue, Westfield, New Jersey 07090;
and,
the Tenant: **NextCleaners.com of Westfield** (hereinafter "Tenant"),
a Limited Partnership, whose mailing location prior to establishing this lease is the mailing location of its General Partner: 701 Colonial Avenue, Union Township, New Jersey 07083; and whose business address will become: 335 South Ave West, Westfield, New Jersey 07090, in accord with the terms of this lease.

[…]

---

[1] As set forth in the supporting Certification, all documents annexed to the Certification and submitted in support of the instant Motion were provided to the Defendant upon request made to Mioduszewski.

LANDLORD:

**DESTEFANIS PROPERTIES, LLC**
217 Myrtle Avenue
Westfield, New Jersey, 07090

TENANT:

NEXTCLEANERS.COM OF WESTFIELD
335 South Avenue West
Westfield Township, New Jersey, 07090

TENANT'S G.P.:

JONATHAN JAMES MIODUSZEWSKI, **G.P.**
701 Colonial Avenue
Union Township, New Jersey, 07083

[…]

**IN WITNESS WHEREOF**, this Lease was executed as of the day and year first above written.

LANDLORD:
**DESTEFANIS PROPERTIES, LLC**

_____
Robert J. DeStefani
Managing Member

**TENANT:**
NextCleaners.com of Westfield

_____
Jonathan James Mioduszewski, GP
General Partner

*See*, a true and correct copy of the Westfield Lease annexed as **Exhibit B** to the Certification.

3.      The Westfield Lease designates "Jonathan James Mioduszewski, G.P." as the "Tenant's G.P." and as the "General Partner" of NCW.  *See*, *Id.*

4.      On or about September 1, 2010, Mioduszewski executed a "Lease Guaranty Agreement", in his capacity of General Partner of NCW (the "Westfield Lease Guaranty"), in connection with the Westfield Lease.

**LEASE GUARANTY AGREEMENT**

**THIS LEASE GUARANTY AGREEMENT** (the "Guaranty"), is made and executed as of the 1st day of September 2010 by **Jonathan James Mioduszewski, G.P.**  ("Guarantor"), having an address at:

335 South Avenue West
Westfield Township, New Jersey, 07090
[…]

**IN WITNESS WHEREOF,** Guarantor has hereunto executed this Guaranty as of the date first above written.

ATTEST:                                          Jonathan James Mioduszewski, G.P.

3

[…]

I CERTIFY that on August 18ᵗʰ, 2010, **Jonathan James Mioduszewski, G.P.** personally came before me and this person acknowledged under oath, to my satisfaction, that:

*See*, a true and correct unexecuted copy of the Westfield Lease Guaranty annexed as **Exhibit C** to the Certification.

### *Next Cleaners of Cranford Ltd. – The Cranford Store*

5.      On or about February 20, 2012, Mioduszewski executed a "Certificate of Limited Partnership" for "Next Cleaners of Cranford Ltd." ("NCC"), and which designates Mioduszewski as the sole "General Partner" of NCC, and which also designates Blue Sky Investments as the sole "Limited Partner" of NCC.

**CERTIFICATE OF LIMITED PARTNERSHIP**
OF
**Next Cleaners of Cranford Ltd.**
A Kingdom of Israel Limited Partnership

The parties hereto do hereby certify that an Agreement was made effective the February 20, 2012, at Cranford Township, New Jersey, by the following General Partners and by the Limited Partners as listed in point 5 below.

[…]

1. <u>Name</u>.  The name of this Limited Partnership is, "Next Cleaners of Cranford Ltd.".

[…]

5. <u>The Partners</u>.  The General Partners and Limited Partners of this Limited Partnership are as follows:

| GENERAL PARTNER | PLACE OF ABODE |
|---|---|
| JONATHAN MIODUSZEWSKI | c/o non-domestic, 11 Walnut Street, Cranford Township, New Jersey (07016) |

| LIMITED PARTNERS | PLACE OF ABODE or MAILING LOCATION |
|---|---|
| Blue Sky Investments | c/o non-domestic, 701 Colonial Avenue, Union Township, New Jersey (07083) |

[…]

15. <u>Amount of Cash and Agreed Value and Description of Other Property Contributed</u>.  The Partners in the Limited Partnership have contributed their interest as set forth (only the following start up contributions were made):
    JONATHAN J. MIODUSZEWSKI ..............time and expertise valued equivalent with the total cash contributions.
    Blue Sky Investments.....................................$20,000

GENERAL PARTNERS:

_____
JONATHAN J. MIODUSZEWSKI, by our mark and seal

LIMITED PARTNERS:

_____
Blue Sky Investments, by our mark and seal

*See*, a true and correct copy of the Certificate of Limited Partnership of NCC annexed as **Exhibit D** to the Certification.

6.      In or about February, 2012, NCC entered into a "Lease Agreement" (the "Cranford Lease"), with landlord Sunkin Properties, LLC (the "Cranford Landlord") relating to commercial real estate located at 11 Walnut Street, Cranford, New Jersey 07016 (the "Cranford Store").

## Lease Agreement

Business and Commercial

This Lease Agreement is made on February 2012

**BETWEEN SUNKIN PROPERTIES LLC**

with offices at: 4 Dover Road, Pittsford, N.Ywith offices at: 4 Dover Road, Pittsford, N.Y.14534

referred to as the "Landlord,"

**NEXT CLEANERS OF CRANFORD LTD.**

whose address will become: 11 Walnut Street, Cranford Township Ns will become: 11 Walnut Street, Cranford Township New Jersey (07016)

referred to as the "Tenant."

[…]

*See*, a true and correct unexecuted copy of the Cranford Lease annexed as **Exhibit E** to the Certification.

7.      On or about March 2, 2012, Mioduszewski, on behalf of NCC, in Mioduszewski's capacity as the sole "General Partner" of NCC, entered into "An amendment to the Lease Agreement" with the Cranford Landlord (the "Cranford Lease Amendment").

## *An amendment to the Lease Agreement*

Business and Commercial

**BETWEEN SUNKIN PROPERTIES LLC**

with offices at: 4 Dover Road, Pittsford, N.Y.14534

referred to as the "Landlord,"

**NEXT CLEANERS OF CRANFORD LTD.**

whose address is: 11 Walnut Street, Cranford, N.J. 07016

referred to as the "Tenant."

Dated: March 2nd 2012

[…]

**LANDLORD:**
**SUNKIN PROPERTIES, LLC.**

Tom Sunkin
Managing Member

**TENANT:**
NextCleaners Of Cranford LTD.

JONATHAN JAMES MIODUSZEWSKI
General Partner

*See*, a true and correct executed copy of the Cranford Lease Amendment annexed as **Exhibit F** to the Certification.

8.      The Defendant has never held any ownership interest in NCC, NCW, the Westfield Store, the Cranford Store, "Yellow Bear Cleaners (Westfield)", or "Yellow Bear Cleaners (Cranford)" (collectively referred to herein as the "Dry-Cleaning Stores").

9.      The Defendant has never been a principal of the Dry-Cleaning Stores.

10.      The Defendant has never executed any lease agreement, trademark agreement, or any other agreement on behalf of the Dry-Cleaning Stores.

11.      The Defendant has never opened or controlled any bank account on behalf of or in the name of the Dry-Cleaning Stores:

**Valley National Bank**

[…]

February 24, 2017

To Whom It May Concern:

Jonathan Mioduszewski is the sole signer on the checking account at Valley National Bank. He has been the sole signer on the account since the account opening of August 2010 till present for Next Cleaners Com of Westfield.

[…]

Thank you.

Caitlin Larsen
Branch Service Manager
Cranford Branch

*See*, a true and correct copy of a Letter from Valley National Bank dated February 24, 2017 annexed as **Exhibit G** to the Certification.

12.     On or about January 17, 2017, the Plaintiff commenced this action against the Defendant by filing the Plaintiff's Complaint.[2]

13.     On or about January 31, 2017, upon request of the Defendant, Mioduszewski provided the Defendant with copies of documents, annexed to the Certification, for use in the instant Motion to Dismiss the Complaint as to the Defendant.

14.     On February 14, 2017, the Plaintiff, by and through its counsel, consented to an extension of time for the Defendant to respond to the Complaint to February 24, 2017.

**LEGAL STANDARD**

---

[2] To the date of this Application, upon information and belief, the Plaintiff has not properly served the Complaint upon the Defendant, and as such the Defendant reserves all rights and remedies to raise service as a further basis for dismissal.

15.     Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an

action for failure to state a claim upon which relief can be granted.

16.     Federal Rule of Civil Procedure 12(b)(6) provides in pertinent part:

> (b) How to Present Defenses. Every defense to a claim for
> relief in any pleading must be asserted in the responsive
> pleading if one is required. But a party may assert the
> following defenses by motion:
>
> … (6) failure to state a claim upon which relief can be
> granted …
>
> A motion asserting any of these defenses must be made
> before pleading if a responsive pleading is allowed. If a
> pleading sets out a claim for relief that does not require a
> responsive pleading, an opposing party may assert at trial
> any defense to that claim. No defense or objection is waived
> by joining it with one or more other defenses or objections
> in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b)(6).

17.     When evaluating a motion to dismiss, "courts accept all factual allegations

as true, construe the complaint in the light most favorable to the plaintiff, and determine

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Phillips v.

Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to

dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It

is not for courts to decide at this point whether the non-moving party will succeed on the

merits, but "whether they should be afforded an opportunity to offer evidence in support

of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir.

2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to

provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

18.     The court conducts a three-part analysis in making this determination. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). The Court must first "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (*quoting Iqbal*, 556 U.S. at 675). The court must, second, identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (*quoting Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (*quoting Iqbal*, 556 U.S. at 678). Lastly, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (*quoting Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

19.     In moving to dismiss the Plaintiff's Complaint, the Defendant specifically relies upon the Complaint itself, documents integral to the Complaint, and matters of public record including the public documents. As recently explained by the Third Circuit Court of Appeals:

> "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these

documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010). Even if a plaintiff does not attach the subject documents to the complaint, the court may consider them if a defendant attaches them to a motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). "[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir.2014) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). When a plaintiff relies on a document without attaching it to the complaint, the plaintiff nevertheless has notice that the document will be at issue. *Id.*

*Hughes v. United Parcel Serv., Inc.*, 639 Fed. Appx. 99, 103 (3d Cir. 2016). Accordingly, the Defendant's instant motion is properly presented to this Court as a motion to dismiss, rather than a motion for summary judgment. *See*, *In re Young*, 384 B.R. 94, 99–100 (Bankr. D.N.J. 2008).

## LEGAL ARGUMENT

20.    Plaintiff's Complaint must be dismissed as to the Defendant.

21.    Plaintiff alleges that "[u]pon information and belief [the Defendant] is owner operator of dry cleaning stores doing business as Yellow Bear Cleaners (Westfield) and Yellow Bear Cleaners (Cranford)". *See*, Complaint at ¶6.

22.    This is not true.

23.    The Defendant has never held any ownership interests in "Yellow Bear Cleaners (Westfield)", "Yellow Bear Cleaners (Cranford)", or any of the Dry-Cleaning Stores. *See*, Complaint at ¶¶9 and 14.  The Defendant has never held any interest in any "dry cleaning stores". *See*, Complaint at ¶6.  Mioduszewski is the owner and operator of the Dry-Cleaning Stores. *See*, Certification. This fact is demonstrated by not only the executed Certificate of Limited Partnership for NCC, and the executed Certificate of

Limited Partnership for NCW, both executed solely by Mioduszewski, but also by the Cranford Lease, the Cranford Lease Amendment, the Westfield Lease, and the Westfield Lease Guaranty, all of which were entered into by Mioduszewski alone. *See*, *Id.*

24.    The Defendant has never "entered into a trademark license agreement … with Plaintiff", *see*, Complaint at ¶24, nor did the Plaintiff annex any such agreement to the Complaint in support that allegation.  Here, the Plaintiff cannot "state a claim to relief that is plausible on its face", due to the Defendant's lack of ownership or interest in the Dry-Cleaning Stores. *See*, *Iqbal*, 556 U.S. at 678.  Accordingly, the claims in the Plaintiff's Complaint, as alleged against the Defendant, lack the required "facial plausibility" to survive a motion to dismiss, and the Complaint must be dismissed as to the Defendant. *See*, *Twombly*.

<u>**First Claim for Relief**</u>
***Trademark Infringement***

25.    Integral to the Plaintiff's first claim for relief is the allegation that the Defendant was the owner or operator of any "dry cleaning stores" that used the Plaintiff's trademark in commerce or advertisements.  Section 1114 states, in pertinent part:

> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering

11

> for sale, distribution, or advertising of goods or services on
> or in connection with which such use is likely to cause
> confusion, or to cause mistake, or to deceive, shall be liable
> in a civil action by the registrant for the remedies hereinafter
> provided.

15 U.S.C. §§ 1114(1)(a)-(b).

26.     The Defendant, who is neither an owner or operator of any "dry cleaning stores", and who has no interest in the Dry-Cleaning Stores, has no time (1) used any "registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services", (2) reproduced any mark nor applied the same to advertisements offered goods of services of any kind at any time, nor (3) offered "goods or services" on behalf of the Dry-Cleaning Stores. *See*, *Id.*  Accordingly, the Plaintiff's first claim for relief fails to state a claim upon which this Court may grant relief, and the Adversary Complaint must be dismissed as to the Defendant.

**Second Claim for Relief**
*False Designation of Origin, False Description, Dilution and Cyberpiracy*

27.     The Plaintiff first alleges in this claim against the Defendant that Plaintiff seeks to "remedy false designations of origin, misleading descriptions, misleading misrepresentations and cyberpiracy arising under 15 U.S.C. § 1125(a)(1) and (d)".  *See*, Complaint at ¶ 62. Section 1125(a)(1), entitled "Civil action", states:

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or
> services, or any container for goods, uses in commerce any
> word, term, name, symbol, or device, or any combination
> thereof, or any false designation of origin, false or
> misleading description of fact, or false or misleading
> representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to
> deceive as to the affiliation, connection, or association of

12

such person with another person, or as to the origin,
sponsorship, or approval of his or her goods, services, or
commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents
the nature, characteristics, qualities, or geographic origin of
his or her or another person's goods, services, or commercial
activities,

shall be liable in a civil action by any person who believes
that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

28.     The Defendant is neither an owner or operator of any "dry cleaning stores",

has no interest in the Dry-Cleaning Stores, and has never used or offered "in commerce

any word, term, name, symbol, or device, or any combination thereof" in connection with

the Dry-Cleaning Stores, all of which are owned and operated by Mioduszewski. *Id.*

29.     The Plaintiff next alleges in its Complaint that the Defendant "acted with

knowledge and bad faith to profit from Plaintiff's mark". *See*, Complaint at ¶68. Section

1125(d), entitled "Cyberpiracy prevention", states in pertinent part:

(d) Cyberpiracy prevention

(1)(A) A person shall be liable in a civil action by the owner
of a mark, including a personal name which is protected as a
mark under this section, if, without regard to the goods or
services of the parties, that person—

(i) has a bad faith intent to profit from that mark, including a
personal name which is protected as a mark under this
section; and

(ii) registers, traffics in, or uses a domain name that—

(I) in the case of a mark that is distinctive at the time of
registration of the domain name, is identical or confusingly
similar to that mark;

(II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or

(III) is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

15 U.S.C. § 1125(d).

30.     The Defendant has never registered or operated any web domain name in his name, or in a corporate capacity, and more specifically, the Defendant has never registered or operated a domain name called "nextcleanersnj.com" which, as demonstrated below, was registered by Mioduszewski:

```
Domain Name: NEXTCLEANERSNJ.COM
Registry Domain ID: 1855644738_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2016-04-22T10:27:48Z
Creation Date: 2014-04-21T23:53:57Z
Registrar Registration Expiration Date: 2017-04-21T23:53:57Z
                        [...]
Registrant Name: Jon Mioduszewski
Registrant Organization:
Registrant Street: 701 colonial ave
Registrant City: union
Registrant State/Province: New Jersey
Registrant Postal Code: 07083
Registrant Country: US
Registrant Phone: +1.9086887788
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: jonm701@hotmail.com
```

*See*, a true and correct copy of a domain name report annexed as **Exhibit H** to the Certification. Accordingly, the Plaintiff's second claim for relief fails to state a claim upon which this Court may grant relief, and the Adversary Complaint must be dismissed as to the Defendant.

### <u>Third Claim for Relief</u>
### *Trafficking in Counterfeit Marks*

31.     In its third claim for relief, the Plaintiff alleges that the Defendant used the Plaintiff's mark "in connection with the sale of dry-cleaning services" in violation of New Jersey statutory law. *See*, Complaint at ¶ 79. Section 56:3-13.16(a)(1) states:

> a. Subject to the provisions of section 13 of P.L.1966, c. 263 (C.56:3-13.13), and with respect to a mark registered pursuant to this act and a mark protected at common law, any person who engages in the conduct specified in paragraphs (1) and (2) of this subsection shall be liable in a civil action by the owner or the designee of the owner of the mark for any or all of the remedies provided in subsections d., e. and f. of this section, except that under paragraph (2) of this subsection, the owner or designee shall not be entitled to recover profits or damages unless the conduct has been committed with the intent to cause confusion or mistake or to deceive.
>
> (1) The use, without consent of the owner or designee, of any reproduction, counterfeit, copy, or colorable imitation of a mark in connection with the sale, distribution, offering for sale, or advertising in this State of any goods or services on or in connection with which the use is likely to cause confusion or mistake or to deceive as to the source of origin of the goods or services;

N.J.S.A. § 56:3-13.16(a)(1).

32.     Once again, as demonstrated above, the Defendant is neither an owner or operator of any "dry cleaning stores", has no interest in the Dry-Cleaning Stores, and has never used any mark "in connection with the sale of dry-cleaning services".  Accordingly, the Plaintiff's third claim for relief under New Jersey statutory law fails to state a claim upon which this Court may grant relief, and the Adversary Complaint must be dismissed as to the Defendant.

**Fourth Claim for Relief**
***Unfair Competition***

15

33. In its fourth claim for relief, the Plaintiff alleges that the Defendant engaged in unfair competition in violation of New Jersey statutory law in when the Defendant sold "dry cleaning services to the public". *See*, Complaint at ¶ 86.  Section 56:4-1 states that "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." N.J.S.A. § 56:4-1. The Defendant is neither an owner or operator of any "dry cleaning stores", has no interest in the Dry-Cleaning Stores, and has never used any mark "in connection with the sale of dry-cleaning services". *Id.* Therefore, the Plaintiff's fourth claim for relief under New Jersey statutory law fails to state a claim upon which this Court may grant relief as to the Defendant.

### Fifth Claim for Relief
#### *Unjust Enrichment*

34. In its fifth claim for relief, the Plaintiff alleges that the Defendant used "the Plaintiff's mark without consent to support and further [his] dry-cleaning services." *See*, Complaint at ¶ 91. Once again, the Defendant is neither an owner or operator of any "dry cleaning stores", has no interest in the Dry-Cleaning Stores. More specifically, the Defendant has never "received a benefit by using Plaintiff's mark" as the Defendant has never held any interest in the Dry-Cleaning Stores named by the Plaintiff in its Complaint. *See*, *Id.* Accordingly, the Plaintiff's fifth claim for relief fails to state a claim upon which this Court may grant relief.

### Sixth Claim for Relief
#### *Violation of Duty of Good Faith and Fair Dealing*

35. In its sixth claim for relief, the Plaintiff alleges that the Defendant violated its duty of good faith and fair dealing when he "terminated [his] agreement with Plaintiff

to use its mark". *See*, Complaint at ¶100. As set forth in his Certification, the Defendant has never entered into, or executed, any agreement with the Plaintiff, including but not limited to any lease agreement, trademark agreement, or any other agreement by and between the Dry-Cleaning Stores and the Plaintiff.  Accordingly, the Plaintiff's sixth claim for relief fails to state a claim upon which this Court may grant relief as to the Defendant.

## CONCLUSION

For the foregoing reasons and authorities, the Defendant moves for entry of an Order Dismissing the Plaintiff's Complaint, as to the Defendant, for its failure to state a claim upon which relief may be granted as to the Defendant.  Furthermore, the Defendant respectfully requests that this Court grant the Defendant such other relief deemed just and equitable.

Respectfully submitted,

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey   07081
(973) 218-6877
(973) 218-6878 (fax)
*jshapiro@middlebrooksshapiro.com*
Attorneys for Defendant, Jon Simkowitz

/s/ Joseph M. Shapiro

_____
By: Joseph M. Shapiro, Esq.

Dated: February 24, 2017

17

## CERTIFICATION OF SERVICE

I, Joseph M. Shapiro, Esq., counsel to the defendant Jon Simkowitz, certify that a copy of this Motion was served by first class mail and email on February 24, 2017 upon counsel for the Plaintiff at the following address:

> Julio C. Gomez, Esq.
> Gomez, LLC
> Attorney At Law
> 310 Morris Avenue, Suite 301
> Elizabeth, NJ 07201
> jgomez@gomezllc.com

/s/ Joseph M. Shapiro

_____

By: Joseph M. Shapiro, Esq.

Dated: February 24, 2017