

Julio C. Gomez, Esq.

908.789.1080 Tel
908.789.1081 Fax
jgomez@gomezllc.com

March 25, 2020

<u>Via CM/ECF</u>
Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building and U.S. Courthouse
50 Walnut Street
Newark NJ 07102

**Re:**  <u>*Next Cleaners, LLC v. Mioduszewski et al.* / Case No. 17-00222 (MCA) (MAH)</u>

Dear Judge Hammer:

Pursuant to the Court's March 18, 2020 Text Order (Dkt. 74), on behalf of Plaintiff Next Cleaners LLC, I write to present a discovery dispute to Your Honor for resolution.

1. *Description of the Discovery Sought*

The dispute concerns four (4) entities that have failed to produce any documents in response to document subpoenas served upon them.  The entities in contempt of the subpoenas are:

(a) NextCleaners.com of Westfield (NCW);

(b) Next Cleaners of Cranford, Ltd. (NCC);

(c) Nexus Resources (Nexus); and

(d) Blue Sky Investments (Blue Sky).

The subpoenas are nearly identical and seek business records (namely, formation documents, documents concerning their operations, financial records (including bank records and tax returns) and relevant communications with named parties or related entities).  Copies of the subpoenas served were filed with the Court; each subpoena includes a detailed set of definitions, instructions and the specific documents requested.  (Dkt. 73-1 through 73-4).

None of these "entities" appear to be registered to do business in the State of New Jersey, since they could not be found on the Secretary of State's database.  However, all four entities are believed to be controlled by defendant Jonathan Mioduszewski, according to documents produced in discovery by him and the testimony elicited from defendant Jon Simkowitz at his deposition recently conducted on February 28, 2020.

Among the 887 pages of documents produced by Defendant Simkowitz were two pages which reference NCW, NCC, Nexus and Blue Sky:

- a Certificate of Limited Partnership for "NextCleaners.com of Westfield" (NCW) dated July 21, 2010 (SIMKOWITZ000006); and

- a Certificate of Limited Partnership for "Next Cleaners of Cranford, Ltd." (NCC) (dated February 20, 2012 (SIMKOWITZ000005).

Copies of these documents are attached as Exhibits A and B.  According to these documents, Defendant Jonathan James Mioduszewski is the registered agent for NCC and NCW; he is also a General Partner of NCW and NCC with entities identified as "Limited Partners": Nexus Resources and Blue Sky Investments – both Nexus and Blue Sky designate their address as 701 Colonial Avenue, Union Township, New Jersey, the same address where Mr. Mioduszewski resides.  See Exhibits A and B.

2. *Relevance of Discovery*

The gravamen of Plaintiff Complaint is that defendant Mioduszewski committed trademark infringement when he when he ceased affiliation with Plaintiff, ceased to pay royalties or utilize NEXT's dry cleaning and marketing services, but continued to operate his two dry-cleaning storefronts (one in Westfield and the other in Cranford) using the NEXT trademark and branding on his stores, vehicles and promotional material, and holding himself out as a NEXT affiliate to the public, namely, his customers, vendors and creditors.  Plaintiff alleges that Defendants'

unauthorized use of the mark are likely to cause confusion, deception and mistake; and

Defendants' activities directly conflict with Plaintiff's efforts to sell its dry-cleaning services and

maintain the goodwill and reputation for the high quality eco-friendly nature of their services, in

violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)(1).  (Dkt. 1, Complaint ¶¶ 40-74).

Subsequently, Mr. Mioduszewski changed the signage of his Cranford and Westfield stores

and their websites to "Yellow Bear Cleaners," however, according to a copy of a check obtained

from his former landlord, Mr. Mioduszewski continues to do business, and continues to hold

himself out as "NextCleaners.com of Westfield," at least as of June 3, 2018.  See Exhibit C.[1]

Plaintiff is entitled to discover whether Mr. Mioduszewski continues his infringing use of

the mark, and continues to operate, trade or hold himself out to the public as an affiliate of NEXT

Cleaners LLC, through his so-called "partnerships" in the NCW or NCC entities; and whether

Nexus and Blue Sky are *in fact* separate "Limited Partners," or, alter egos for Mr. Mioduszewski

himself.  Since the inception of this case, as alleged in the Complaint, Plaintiff has suspected that

the business entities defendants purport to conduct their trade with are merely sham entities

intended to obfuscate and confuse the public – they allegedly are not distinct from their individual

operators (i.e., they possess no operating records, do not pay taxes or file tax returns, and possess

no bank accounts).  It is alleged that Defendants have engaged in and continue to engage in their

infringing activities knowingly and willingly, and in bad faith, for the purpose of profiting from

Plaintiff's mark, goodwill and reputation, and to minimize any loss or business interruption from

disassociating from and terminating their Agreement with Plaintiff.  (Dkt. 1, Complaint at ¶ 52)

Plaintiff is thus entitled to the discovery of documents that would tend to prove or disprove

such allegations, including whether Mr. Mioduszewski has funneled the revenue he generated

---

[1] Plaintiff has also served Valley National Bank with a document subpoena for any records pertaining to Defendant Mioduszewski or his business entities.  Undersigned counsel has met and conferred with a representative of the bank and a production is pending as of this date.

through his infringing use to so-called "third-party" entities, Nexus and Blue Sky, that appear to use his home address.

Based upon the testimony Plaintiff elicited at defendant Simkowitz's deposition, it is suspected that most, if not all of the entities are a sham.  Following Mr. Mioduszewski's advice, Mr. Simkowitz attempted to form his own company, "Next Transport," by signing a single document that was never filed or registered with anyone; Next Transport is not registered to do business, has no officers, managers or directors, no employees, no tax identification number, and never filed a tax return.  Plaintiff suspects that NCC, Nexus and Blue Sky, and to some extent NCW, may be the same and that there may be no documents at all to produce.  If that is the case, defendant should be required to simply say so.  Exhibit D (Transcript excerpt).

The documents requested by the subpoenas are issue are not only highly relevant to Plaintiff's allegations, but also to Defendant Mioduszewski's affirmative defenses and counterclaim. For example, defendant Mioduszewski maintains that he had the "appropriate license for use of the alleged protected mark" (Dkt. 37, Affirmative Defense No. 10); he also alleges that he was "granted exclusive territories," that "he had total management control of the storefronts opened by him," and that the "writings, conduct and performance" between the parties constituted a contract which Plaintiff breached.  (Dkt. 37, Counterclaims ¶¶ 9, 41, and 44).  The documents sought by the subpoenas could lead to the discovery of admissible evidence on these issues.

3. *Explanation of the Parties' Efforts to Meet and Confer*

The parties met and conferred with the exchange of written communications appended hereto as Exhibits E and F.  Defendant Mioduszewski's principal objection was that he was not served personally; a matter cured on Sunday, February 23, 2020, when he was served at home. Exhibit E.  Thereafter, his principal objections were that NCW and NCC have "ceased to exist" or that he is not a partner of Nexus or Blue Sky – however, no dissolution documents have ever been

produced, the Certificates of Limited Partnership prove that he has some association with Nexus

and Blue Sky, and he never denies that he is in possession, custody or control of responsive

documents.  Exhibit F.

Since the initial exchange of emails, undersigned counsel has tried to engage defendant

Mioduszewski in further meet and confers as of March 10, 2020, but he claims to be too busy and

has not responded substantively since that date, or, produced a single document.

4. *Legal Argument*

In every case, a plaintiff is entitled to discovery regarding any non-privileged matter that is

relevant to any party's claim or defense or reasonably calculated to lead to the discovery of

admissible evidence.  Fed. R. Civ. P. 26(b).  As explained above, the documents requested by the

subpoenas at issue are relevant to both Plaintiff's claims and Defendant's defenses and

counterclaims.  "Mutual knowledge of all the relevant facts gathered by both parties is essential to

proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has

in his possession." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).  Furthermore, the purpose of

liberal discovery rules is to "make a trial less a game of blindman's bluff and more a fair contest

with the basic issues and <u>facts disclosed to the fullest practicable extent</u>." *Rozier v. Ford Motor*

*Co.,* 573 F.2d 1332, 1346 (5th Cir. 1978) (emphasis added) (quoting *U.S. v. Procter & Gamble*

*Co.,* 356 U.S. 677, 683 (1958) (internal quotation marks omitted).

Pursuant to the Court's Pretrial Scheduling Order (Dkt. 13), Plaintiff hereby requests a

telephone conference for the Court to resolve this dispute.

> Respectfully submitted,
> /s Julio C. Gomez
> Julio C. Gomez

cc:     Defendant Jonathan Mioduszewski, *pro se* (via email w/ exhibits)
        Joseph Shapiro, Esq., Counsel for Defendant Jon Simkowitz (via CM/ECF)