| | |
|---|---|
| **From:** | Julio Gomez |
| **To:** | "Jonathan Mioduszewski" |
| **Subject:** | RE: NEXT CLEANERS, LLC v. MIODUSZEWSKI et al Order / 2:17-cv-00222-MCA-MAH / Document Subpoenas |
| **Date:** | Tuesday, March 10, 2020 7:02:00 PM |

Mr. Mioduszewski,

I appreciate your position but unfortunately we are all equally burdened with other matters. I have written to the Court to seek a teleconference. In the meantime, you can write to the Court, respond to my email below, or meet and confer with me via telephone. Let me know how you choose to proceed.

Thank you.

Julio Gomez



GOMEZ LLC
ATTORNEY AT LAW

152 PATERSON ROAD
FANWOOD, NJ 07023-1065
TEL   908.789.1080
FAX   908.789.1081
CELL 908.468.1068

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance, or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please notify the sender and delete all copies.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated..

**From:** Jonathan Mioduszewski <jonm@yellowbearcleaners.com>
**Sent:** Tuesday, March 10, 2020 4:37 PM
**To:** Julio Gomez <jgomez@gomezllc.com>
**Subject:** Re: NEXT CLEANERS, LLC v. MIODUSZEWSKI et al Order / 2:17-cv-00222-MCA-MAH / Document Subpoenas

Julio,

Wednesday's are the best day to address issues related to this matter, I'm doing my best to address the points of your letter but please understand I am a working man and my time for this matter is limited. A little more patience and understanding would be much appreciated. I will also do my best to make more time to address your communication as frequently as time allows.

Regards,

On Mar 9, 2020, at 4:59 PM, Julio Gomez <jgomez@gomezllc.com> wrote:

> Since I have received no response, I am assuming that you stand by your objections and we have reached an impasse.
>
> ---
>
> **From:** Julio Gomez
> **Sent:** Wednesday, March 4, 2020 9:14 AM
> **To:** 'Jonathan Mioduszewski' <jonm@yellowbearcleaners.com>
> **Cc:** Joseph M. Shapiro <jshapiro@middlebrooksshapiro.com>; team <team@middlebrooksshapiro.com>
> **Subject:** RE: NEXT CLEANERS, LLC v. MIODUSZEWSKI et al Order / 2:17-cv-00222-MCA-MAH / Document Subpoenas
>
> Mr. Mioduszewski, on behalf of Plaintiff Next Cleaners, LLC, I write to meet and confer with you to try to resolve these issues.
>
> 1. Proper service can be performed by any person of legal age, but if you are not contesting the manner of service, then this matter is resolved.
> 2. Mileage fees were implied by your February 22 letter, but if you are not insisting upon receipt of a mileage or appearance fee, then this matter is resolved.
> 3. According to documents you produced you are General Partner of NextCleaners.com of Westfield and Next Cleaners of Cranford, Ltd.  If you are willing to search for and produce documents, Plaintiff is prepared to narrow the subpoena.  If you are not willing to search for and produce any documents, then we are at an impasse.  Let me know where you stand.
> 4. As for Nexus and Blue Sky, according to documents you produced, these companies are run out of your home address.  If you tell me who is involved with these companies (assuming it is not you), then Plaintiff will serve such person(s) and you will be relieved of your responsibility to respond to those two subpoenas.  Based upon the limited information we have, we have no reason that you are not a member or in control of these entities.  Please provide the name and address of an alternative person to serve for Nexus and Blue Sky.
> 5. See Plaintiff's response to No. 4
> 6. Simply because an entity is no longer "in operation" does not mean that you are relieved from producing responsive documents.  Let me know whether or not we are at an impasse.
> 7. See Plaintiff's response to No. 6
> 8. These requests are relevant to the allegations in the complaint because the information requested will prove or disprove the parties's claims or defenses in this case.  If you refuse to search for and produce documents because you think they are irrelevant, then we are at an impasse.  Let me know if we are.
>
> Finally, the subpoenas were very clear about what Plaintiff is seeking.  It may be that

you have already produced most of what exists.  However, we have no way to know that.  I am willing to conduct a call to identify specific documents, but before we get on the phone I need you to confirm that you are prepared to search for and produce documents and will supply the name(s) and address(es) of the persons to serve for Nexus and Blue Sky.

Let me know where we stand.  If I do not hear from you by tomorrow close of business, I will assume that you are standing by your objections and we have an impasse and notify the Court.

Thank you.

Julio Gomez



GOMEZ LLC
ATTORNEY AT LAW

152 PATERSON ROAD
FANWOOD, NJ 07023-1065
TEL   908.789.1080
FAX   908.789.1081
CELL  908.468.1068

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance, or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please notify the sender and delete all copies.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated..

**From:** Jonathan Mioduszewski <jonm@yellowbearcleaners.com>
**Sent:** Tuesday, March 3, 2020 4:58 PM
**To:** Julio Gomez <jgomez@gomezllc.com>
**Cc:** Joseph M. Shapiro <jshapiro@middlebrooksshapiro.com>; team <team@middlebrooksshapiro.com>
**Subject:** Re: NEXT CLEANERS, LLC v. MIODUSZEWSKI et al Order / 2:17-cv-00222-MCA-MAH / Document Subpoenas

Julio,

We are writing to confer.

We object to the presumption that we are responding on behalf of any entities, other than stating what we believe to be true:

1. Proper service is in person, by someone other than a party to the matter. As far as I know the council of a party qualifies as a valid party to serve said subpoena. We have initially rejected all subpoenas because you sent documents via email, this is not proper service to proper parties and that is a fact. I never personally, in the flesh, served any subpoena to any party related to this matter. A general partner may have officers but is not one.

2. We never suggested a mileage fee associated with your service of documents. We are not sure why council would mention this. However, it was nice seeing you again, especially after sun down on a sunday evening startling my family as my mother answered the door in her sleep wear. We appreciate that your character and class match that of your client.

3. We challenge all of your presumptions as we have never been a corporate officer of any corporation relating to dry cleaning.

4. We specifically reject the subpoena of Nexus Resources (Jonathan J. Mioduszewski, Partner) as I am not a partner in any such body corporate, and as no such person, Jonathan J. Mioduszewski of Nexus Resources, exists at the mailing location served. Therefore it is impossible for me to lawfully comply. 45.D.3.IV.

5. We specifically reject the subpoena of Blue Sky Investments (Jonathan J. Mioduszewski, Partner) as I am not a partner in any such body corporate, and no such person, Jonathan J. Mioduszewski of Blue Sky Investments, exists at the mailing location served. Therefore it is impossible for me to lawfully comply. 45.D.3.IV.

6.We reject the subpoena of 'Next [Cleaners.com](Cleaners.com) of Westfield (Jonathan J. Mioduszewski, General Partner)' as it has ceased to exist; once I was exiled from Next Cleaners all internal agreements related to Next Cleaners business is no longer in operation. 45.D.3.III.

7. We reject the subpoena of 'Next Cleaners of Cranford, Ltd (Jonathan J. Mioduszewski, General Partner)' as it has ceased to exist; once I was exiled from Next Cleaners all internal agreements related to Next Cleaners business is no longer in operation. 45.D.3.III.

8. As the pro se litigant I am already standing as the accused party for damages related to alleged brand infringement. Unless you desire to provide proof there was a joint venture at the onset of our business relationship with the Plaintiff and myself, which is one of my counter-claims. Therefore, I cointest the relevance and scope of these requests.

Julio, even if I had the authority to give you documents above the privacy of others, what exactly is it that you are looking for on these documents? Do not understand how

they are related to brand infringement. Perhaps if you tell me what you're looking for I will do my best to assist, even though you still have not provided any details related to our repeated discovery requests.

Kind Regards,

On Mon, Feb 24, 2020 at 10:04 AM Julio Gomez <jgomez@gomezllc.com> wrote:
> Mr. Mioduszewski,
>
> As is required by the Rules before filing a motion, I write to meet and confer with you regarding your attached letter purporting to respond to four (4) subpoenas directed to business entities of which you are an officer (1) Next Cleaners of Cranford, Ltd.; (2) NextCleaners.com of Westfield; (3) Blue Sky Investments; and (4) Nexus Resources.
>
> First, Plaintiff disagrees with your objection that these subpoenas were not properly served; regardless, that matter is now moot since you were served personally yesterday in your capacity as an officer of these entities.
>
> Second, Plaintiff disagrees with your contention that a document subpoena requires the tendering of an appearance fee or mileage; it does not; the entities served are not being required to ***appear*** for a deposition with these subpoenas, therefore no appearance fee or mileage is required by Fed. R. Civ. P. 45.
>
> Third, Plaintiff disagrees with your contention that a party may not serve a subpoena; parties are free to serve subpoenas all the time; you served subpoenas on business entities last week; Plaintiff is doing the same and Plaintiff's discovery window has not closed.   Discovery is open until March 31, 2020 for all parties.
>
> Mr. Mioduszewski, the entities served have until this Friday, February 28, 2020 to produce responsive documents.  The entities may have responsive documents delivered to the address on the subpoena, they may make arrangements for an electronic production (via DropBox or email), or they can be delivered to the deposition of Mr. Simkowitz at the offices of his attorney.
>
> If you are willing to discuss this matter further, and continue to meet and confer, let me know by email.  Otherwise, if documents are not produced by Friday, February 28, 2020, Plaintiff will file a motion with the Court to hold these entities in contempt and to Order a production, or require them to allow Plaintiff access to all of their files.
>
> Be guided accordingly.
>
> Regards,

Julio Gomez



GOMEZ LLC
ATTORNEY AT LAW

152 PATERSON ROAD
FANWOOD, NJ 07023-1065
TEL   908.789.1080
FAX   908.789.1081
CELL  908.468.1068

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance, or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please notify the sender and delete all copies.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated..

--
Jonathan Mioduszewski
YellowBear Cleaners
http://www.YBCleaners.com