UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

11 Walnut Avenue
Cranford, New Jersey, 07016
Jonathan Mioduszewski, persona propria

| | |
|---|---|
| NEXT CLEANERS, LLC, | Civil Case No.: 17-222-MCA-MAH |
| Plaintiff, | |
| vs. | |
| JONATHAN MIODUSZEWSKI, JON SIMKOWITZ, YELLOW BEAR CLEANERS (WESTFIELD), and YELLOW BEAR CLEANERS (CRANFORD), | **MOTION TO QUASH SUBPENAS AND PROTECTIVE ORDER** |
| Defendants. | |
| JON SIMKOWITZ, | |
| Counterclaimant, | |
| vs. | |
| NEXTCLEANERS, LLC, | |
| Counterdefendant. | |
| JON SIMKOWITZ, | |
| Third-Party Plaintiff, | |
| vs. | |
| NEXTCLEANERS.COM OF WESTFIELD, NEXT CLEANERS OF CRANFORD, LTD., JOHN DOES 1-10, JANE DOES 1-10, ABC CORPS. 1-10, AND XYZ LLCS 1-10, | |
| Third-Party Defendants. | |

**TO:**
Julio Gomez, Esq.                                    Joseph Shapiro, Esq.

Gomez LLC
310 Morris Avenue, Suite 301
Elizabeth, New Jersey 07201
Attorneys for Next Cleaners, LLC
jgomez@gomezllc.com

Middlebrooks Shapiro P.C.
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
Attorneys for Jon Simkowitz
jshapiro@middlebooksshapiro.com

COMES NOW, Jonathan Mioduszewski, in persona propria, hereby moves the Court to quash subpoenas directed to (1) Nexus Resources (Jonathan J. Mioduszewski, Partner), (2) Blue Sky Investments (Jonathan J. Mioduszewski, Partner), (3) Next Cleaners.com of Westfield (Jonathan J. Mioduszewski, General Partner) (4) Next Cleaners of Cranford, Ltd (Jonathan J. Mioduszewski, General Partner). I present the following facts supporting this motion to quash.

1. Service was not proper as said subpoenas served upon me maintain no capacity to provide performance, as no such person(s) exists. See: Exhibit A.

2. All subpoenas served simultaneously upon me demanding the production of documents containing sensitive information neither related nor relevant to Plaintiff's original complaints. See Exhibit B.

3. Said documents and parties have no force after Plaintiff ceased business operations.

4. Plaintiff provided no reasonable or substantial explanation on why outdated, non operable documents are needed. Mr. Gomez is outside the scope and relevance of his case investigation and abusing his discovery privileges at the expense our right to privacy and to be secure in our papers and things.

5. Even if the documents are to prove Mr. Simkowitz as an alleged partner, he is not a party to or listed anywhere on any of the requested documents. See Exhibit B

6. Plaintiff's attempts to secure these documents are an end-around former council Heldman's tireless work within this case. Council Heldman's work should not be invalidated as said subpoenas are completely unrelated to the original complaint against us.

7. Plaintiff has admits to doing business with a party that has damaged us. See Exhibit C, D.

8. Plaintiff has unclean hands from deliberate actions against us and has not responded to our letters about such activities. See: Exhibit E.

WHEREFORE, I, Jonathan Mioduszewski respectfully request the Court enter an order to quash said subpoenas in this matter, issue a protective order against any further baseless intrusions into our privacy, and close any further discovery to Plaintiff's case investigation.

                                  Respectfully submitted,

                                  BY: _____Jonathan Mioduszewski
                                                  *Persona Propria*

Date: September 17, 2020