Jonathan Mioduszewski, pro se
11 Walnut Avenue, Cranford, New Jersey, 07016
Tel: 908-276-2001
jonm@yellowbearcleaners.com

February 21, 2020

Julio Gomez, Esq.
Gomez, LLC
152 Paterson Road
Fanwood, NJ 07023-1065

      Re : Case No. 17-00222-MCA-MAH , Next Cleaners LLC vs. Mioduszewski, et al.,
          Subpoena Request

Dear Mr. Gomez,

    We've spent a considerable amount of time learning about the subpoena process as we are required to do so as a pro se litigant: to personally attend the clerk's office for signatures required in order to charge the subpoena documents you were copied on, and then serve them in accordance with the rules of service, as an example. While we understand the need of electronic filing of documents and automated clerk signatures, which are provided by the court to Attorneys to maximize efficiency and minimize expense, the act of serving those documents does not offer the same certified automation. As such we accordingly reject your request on the grounds of improper service as stated in the Federal Rules of Civil Procedure:

(b) SERVICE.

  (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

Similarly, even if such documents had been served properly they would still be further rejected. From our understanding a party to the matter cannot serve a subpoena, or be issued one; I'm the party that engages in discovery. This seems to be to be an end-around due to your client's discovery window having closed long ago, even after Mr. Heldman amended the answers to the original complaint and filed counter claims against your client on my behalf.

We have performed the process according to the rules as we are able to interpret them, including procuring the contact information of Paul Mastrola Jr, owner of ShirtNSkirts, of which a name/contact number was never provided during any point in the multiple discovery requests made by us over time.

With his admission of an extended relationship, even if your client denies there was/is one, it will be required for us to include further interrogatories regarding the relationships of and between your client, non-next branded 3rd party affiliate coverage areas, in order to investigate the nature and depth of the relationship, along with other critical items. We ask, again, that you forward any details of the relationship with ShirtsNSkirts, including any documents, emails, or any other relevant form between your client and Mr. Mastrola Jr, or we will have no choice and be required to file a motion to compel answers.

Regards,

Jonathan Mioduszewski, pro se

cc: Joseph M. Shapiro, Esq. (via email)