Jonathan James Mioduszewski, propria persona<br>
11 Walnut Avenue, Cranford, New Jersey, 07016<br>
Tel: 908-276-2001<br>
jonm@yellowbearcleaners.com

March 16, 2020

Julio Gomez, Esq.
Gomez, LLC
152 Paterson Road
Fanwood, NJ 07023-1065

    Re : Case No. 17-00222-MCA-MAH , Next Cleaners LLC vs. Mioduszewski, et al., Notice of Intent to Sanction

Dear Mr. Gomez,

    I come to you with our intent to sanction your client for unclean hands, among other things. In our continued discovery we have gathered a list of extremely damaging activities by your client which has left me nearly bankrupt. I've come to see a <u>Silent War of Activities</u> your client engaged in following our exile in November of 2015. Our recent discovery was the catalyst for this sanction. This is an action that is undeniable, dishonorable, and shows clear intent to damage, deceive, profit, and create market confusion. Your client has damaged us for years, whereas you claim we have damaged you for months, never once providing proper notice or rightful administrative settlement of which we are entitled by law.

    I have discovered the website page: 'www.nextcleaners.com/westfield' ; and have noticed the contents located therein are fraudulent with intent to profit at my expense, which has greatly debased our dry cleaning business, acted in a way to create market confusion that greatly contributed toward the store closure and 80% loss of sales. Monetary penalties for these past and continued actions cannot be avoided. We demand removal of the page and storage of all data immediately.

    The facts surrounding this claim are clear:

1. At the time of our exile in Nov 2015 the current website format did not exist.
2. The westfield page and was created without permission or notice sometime after no longer being affiliated with your client.
3. 1,317 days is the minimum time this page has been posted accordingly to the internet archive at date of this letter. We suspect it is longer.

4. Search engine crawlers' play a critical role in driving traffic based on key words and phrases listed on a given webpage.
5. Your client has shown clear intent to deceive and profit with the website page 'www.nextcleaners.com/westfield' that is not listed on any public pages on your client's website homepage and location page, and only visible to search engine crawlers or direct results from major search engines.
6. Your client's fraudulent westfield page creates discrepancies with key words and phrases affiliated with me that penalizes search ranking results for our business listing in the marketplace.
7. The 'westfield' page contains key words and phrases that belong to me, and have never belonged to your client including: street location, phone number, and store hours.
8. The 'nj westfield at nextcleaners.com' email previously forwarded all communications to me.
9. A visual regional map representation of an actual location which your client never owned.
10. A 'schedule pickup' button located at the top of the page to convert stolen traffic into monetary gain.
11. This website page has been listed for years and is still listed today.
12. Location has been closed down due to damages causing loss of business.

We also discovered our Yelp and Google maps entry at 335 South Avenue, west, utilizing and listing my former Westfield location street address as permanently closed. This is open for the internet to see and for search engines to account via crawlers. We demand removal of these pages immediately.

The facts surrounding this claim are:

1. Your client has never owned that location.
2. Business location was not permanently closed for dry cleaning business at that time.
3. Your client commandeered our Google entry and listed dry cleaning business at that location as permanently closed, without permission or notice for at least 1,317 days.
4. We have the right to edit and merge our Google entry account into a new account as we see fit and as is standard practice by Google Policies.
5. By your client commandeering our account and listing the location as "Permanently Closed" deprived us of the right to properly list our location in the marketplace.
6. Location has been closed down due to damages causing loss of business.

During our attempts to investigate this matter we witnessed the evasion of Paul Mastrola Jr, Owner of Shirts N Skirts. His unwillingness to engage in our attempts to discover any facts related to him and your clients activities together are beyond suspicious. Mr. Mastrola has a

history of stealing, via police report and customer testimony, our dry cleaning bags with our client's garments within them. It is clear that your client has an extended dry cleaning wholesale business relationship with Mr. Mastrola at a minimum, which I find very suspicious and should have been disclosed during hearings pertaining to client data, as he provides dry cleaning services within the exclusive disputed territories that I own; or a maximum is acting as a partner in dry cleaning operations making your client vicariously liable for his activities.

Your client has acted in bad faith with the court because such disclosures should have been made during the motion for client data. Seeing as the collapse of my business correlates with the timing your client and Mr. Mastrola having displayed these damaging acts. Therefore, we require the customer to list to investigate the level of collusion between your client and his proxy brand, Shirts N Skirts, in their damages against me.

The facts are:

1. Your client withheld client data after professing to surrender a copy as his standard practice.
2. Your client engaged with Mr. Mastrola, Owner of ShirtsNSkirts, in dry cleaning business.
3. Mr. Mastrola has conducted theft of our customer dry cleaning bags containing the garments of our specific clients shortly after our exile with your client.
4. The above stated fact is evidenced by police report and third party affidavit.
5. In our investigation I found Mr. Mastrola conducts communication with a voicemail callback pattern and thus evaded communication after first contact.
6. Mr. Mastrola stated to me he has not conducted dry cleaning business with your client in one year, I know this is false.
7. Mr. Mastrola does not have a publically available mailing location or business location of any sort listed on his website or marketing materials.
8. Mr. Mastrola admits openly to evading subpoena during attempted service at your client's Bellville Turnpike location.
9. Mr. Mastrola operates his dry cleaning business with your client directly out of his headquarters at 650 Bellville Turnpike.
10. The fleets of Mr. Mastrola's company vehicles are kept your client's parking lot located at 650 Bellville Turnpike.
11. Combined with other actions of your client, these discoveries warrant further investigation.

The above listed activities are not the entirety of our discovery, but amplify what already is gathered until this point. Although we specified completing discovery before resuming settlement negations, given these new facts, any settlement demands requiring monetary compensation by your client will not be heard. Moreover, the above listed activities are

indisputable as having severely damaged my dry cleaning business over the last 4+ years in the hundreds of thousands of dollars, perhaps even more, and much greater than your client's previous settlement demand of $16,000. None of this discovery has to do with the details regarding the initiation of the relationship with your client, the fraud regarding territories, the lack of dry cleaning performance during the tenure with them, or any damages related from fraudulent promises made by the co-founder of NEXT.

      With the above stated actions of your client I can never accept any settlement demand that assumes a monetary compensation in the favor of your client. My position is that deeds' speak, and based on the unclean hands of your client there no grounds to demand compensation from anyone.

      However, in the spirit of peace, I am willing to present an opportunity to resolve this matter, because looking toward the future is better than fighting over the past. I propose a $0- $0- $0 walk away, assuming Mr. Simkowitz is willing to bare his legal expenses. Otherwise the legal expenses for all parties involved will become exponentially greater than we already have experienced if we are forced to move forward to collect all the facts. Hefty damages will be sought.

      If declined, we will have no choice but to inform the court of our efforts here, and newly discovered facts; and, move forward, tenaciously, with above stated sanction with monetary penalties and damages, dismissal of your claims against us, relief of past litigation expenses, further discovery requests, interrogatories, and depositions of: Patrick Rhodes, Ceiro Munoz, Paul Mastrola Jr, Perry Safi, Kam Safi, Zack Safi to discover the all of facts of your client's actions damaging me.

      Our notice of sanction and offer to settle are both on the table simultaneously. The choice of how to move forward is in the hands of your client. The offer stands until tomorrow, March 17, 2020, 5pm.

Regards,

Jonathan James Mioduszewski<br>
Propia Persona,

cc: Joseph M. Shapiro (via email)